IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| **DARLENE EUBANK HOWELL,** | * | |
| Plaintiff, | * | |
| v. | * | Civil Case No. SAG-22-0408 |
| **LAWRENCE J. HOGAN, JR.,** *et al.*, | * | |
| Defendants. | * | |

## MEMORANDUM OPINION

Darlene Eubank Howell ("Plaintiff"), who is self-represented, filed a Complaint against the Governor of the State of Maryland, Lawrence J. Hogan Jr., and the Maryland Secretary of Labor, Tiffany P. Robinson (collectively "the State Defendants") seeking declaratory relief and monetary damages. ECF 1. Her claims arise out of the State Defendants' attempt to collect an alleged overpayment of her unemployment insurance benefits and their alleged failure to pay her certain unemployment benefits. *Id.* The State Defendants have filed a motion to dismiss the Complaint for lack of subject matter jurisdiction. ECF 8. Plaintiff opposed the motion, ECF 10, and the State Defendants filed a reply, ECF 11. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2021). For the reasons stated below, the State Defendants' motion must be granted and Plaintiff's claims must be dismissed.

I.     **FACTUAL BACKGROUND**

The facts described herein are derived from Plaintiff's Complaint, ECF 1, and are assumed to be true for purposes of this motion. During the COVID-19 pandemic, Plaintiff applied for and received unemployment insurance benefits from the Maryland Department of Labor ("MDOL"). ECF 1 ¶¶ 43–45. In June of 2021, however, MDOL contacted Plaintiff and demanded $13,716.00

1

in overpayments. *Id.* ¶ 46.  MDOL then terminated her unemployment benefits and failed to pay her benefits to which she believes she is entitled. *Id.* ¶ 47.  Although Plaintiff promptly filed a notice of appeal and a hearing demand to contest the overpayment, she received no response. *Id.* ¶ 49.  Instead, on January 18, 2022, she received another notice from MDOL demanding repayment and threatening criminal prosecution.  *Id.* ¶¶ 51–53.

Plaintiff's Complaint has five counts.  Counts I and II assert constitutional substantive and procedural due process claims under 42 U.S.C. § 1983.  Counts III and IV seek declaratory judgments regarding alleged violations of provisions in the Maryland Labor & Employment Code.  Count V is simply entitled "Monetary Damages" and does not include any other substantive legal cause of action, rendering it subject to dismissal.

## II.     LEGAL STANDARDS

When a Rule 12(b)(1) motion is filed, the plaintiff bears the burden of proving, by a preponderance of the evidence, the existence of subject matter jurisdiction.  *Demetres v. East W. Constr., Inc.*, 776 F.3d 271, 272 (4th Cir. 2015).  In weighing a facial challenge to subject matter jurisdiction, this Court accepts all of the facts alleged in the complaint as true.  *See Kenny v. Wilson*, 885 F.3d 280, 287 (4th Cir. 2018) (citing *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982)). A district court should grant a motion to dismiss for lack of subject matter jurisdiction "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Morgan Stanley v. NIRAV BABU*, 448 F. Supp. 3d 497, 503 (D. Md. 2020) (quoting *Upstate Forever v. Kinder Morgan Energy Partners, L.P.*, 887 F.3d 637, 645 (4th Cir. 2018)).

Because Plaintiff is self-represented, her pleadings are "liberally construed" and "held to less stringent standards than [those filed] by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted). "However, liberal construction does not absolve Plaintiff from pleading a plausible claim." *Bey v. Shapiro Brown & Alt, LLP*, 997 F. Supp. 2d 310, 314 (D. Md. 2014), aff'd,

584 F. App'x 135 (4th Cir. 2014); *see also Coulibaly v. J.P. Morgan Chase Bank, N.A.*, No. DKC-10-3517, 2011 WL 3476994, at *6 (D. Md. Aug. 8, 2011) ("[E]ven when pro se litigants are involved, the court cannot ignore a clear failure to allege facts that support a viable claim."), *aff'd* 526 F. App'x 255 (4th Cir. 2013).

Moreover, a federal court may not act as an advocate for a self-represented litigant. *See Brock v. Carroll*, 107 F.3d 241, 242–43 (4th Cir. 1996) (Luttig, J., concurring); *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). Therefore, the court cannot "conjure up questions never squarely presented," or fashion claims for a plaintiff because she is self-represented. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985); *see also Maryland v. Sch. Bd. City of Richmond*, 560 F. App'x 199, 203 n.4 (4th Cir. 2014) (unpublished) (rejecting self-represented plaintiff's argument that district court erred in failing to consider an Equal Protection claim, because plaintiff failed to allege it in the complaint).

## III.   ANALYSIS

The State Defendants assert that state sovereign immunity precludes this Court's exercise of jurisdiction over Plaintiff's claims.  This Court agrees.

### A.  Eleventh Amendment Immunity

Plaintiff seeks relief against the State Defendants in their official capacities under 42 U.S.C. § 1983 and under various state statutes.  Her Complaint asks that this Court (1) declare that Plaintiff's substantive and procedural Fourteenth Amendment due process rights were violated and that the State Defendants violated certain provisions of the Maryland Code, and (2) award her monetary compensation.  ECF 1.

However, the Eleventh Amendment prohibits suits against a state in federal court without the state's consent, unless Congress has abrogated the state's immunity.  *See Pennhurst State Sch. & Hosp. v. Halderman,* 465 U.S. 89, 100 (1984).  It is well-established that Congress has not

abrogated state sovereign immunity for § 1983 claims. *Id.* at 120 (Eleventh Amendment bars a federal court from granting relief where a § 1983 action alleging a constitutional claim is filed against a state); *Quern v. Jordan*, 440 U.S. 332, 342 (1979) (same). Although the named defendants here are state officers, and not the state itself, sovereign immunity applies equally to state officers sued in their official capacities. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). And this Court lacks jurisdiction to hear any claim for monetary relief against a state official acting in their official capacity, absent either a state waiver of sovereign immunity or a Congressional abrogation of such immunity. *See Halderman*, 465 U.S. at 98–100; *Edelman v. Jordan*, 415 U.S. 651, 663 (1974) ("[A] suit by private parties seeking to impose a liability which must be paid from public funds in the state treasury is barred by the Eleventh Amendment.").

In an effort to overcome that barrier, Plaintiff argues that the State Defendants waived sovereign immunity by accepting federal funding under the Coronavirus Aid, Relief, and Economic Security Act of 2020 ("CARES Act"). Plaintiff cannot cite, however, to any provision of that Act indicating that Congress generally abrogated sovereign immunity in this context or that mere participation by a state in the CARES program waives sovereign immunity. In order to find statutory abrogation, this Court would have to determine that Congress (1) "unequivocally expresse[d] its intent to abrogate the immunity" and (2) acted "pursuant to a valid exercise of power." *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 55 (1996) (internal citations omitted). As the Supreme Court explained in *Seminole Tribe*, "Congress' intent to abrogate the States' immunity from suit must be obvious from 'a clear legislative statement.'" *Id.* (citing *Blatchford v. Native Village of Noatak*, 501 U.S. 775, 786 (1991)); *see also Sossamon v. Texas*, 563 U.S. 277, 284 (2011) (Congress did not clearly manifest its intent to abrogate state sovereign immunity). Plaintiff cites to no such statement and this Court is aware of none.

Similarly, Plaintiff suggests that Maryland waived its sovereign immunity and consented to suit in federal court by accepting CARES Act funds and implementing its programs. Again, nothing in the CARES Act supports that position. Moreover, the law does not permit a State or state official to "impliedly" or "constructively" waive sovereign immunity. *College Sav. Bank v. Florida Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 675–78 (1999) (holding that Florida's sovereign immunity was neither abrogated by Congress nor voluntarily waived by the State). Instead, "[a] State's consent to suit must be 'unequivocally expressed' in the text of the relevant statute." *Sossamon*, 563 U.S. at 284 (internal citation omitted). "Only by requiring this 'clear declaration' by the State can we be 'certain that the State in fact consents to suit.'" *Id.* (quoting *College Savings Bank*, 527 U.S. at 680).

In fact, the theory that acceptance of federal funds can automatically waive a state's sovereign immunity has been expressly rejected by the Supreme Court. In *Sossamon,* the Supreme Court held:

> It would be bizarre to create an 'unequivocal statement' rule and then find that every Spending Clause enactment, no matter what its text, satisfies that rule because it includes unexpressed, implied remedies against the States. The requirement of a clear statement in the text of the statute ensures that Congress has specifically considered state sovereign immunity and has intentionally legislated on the matter.

*Sossamon*, 563 U.S. at 290. Another Court has rejected this implied waiver argument specifically in the context of the CARES Act. *See Jones v. Washington Metro. Area Transit Auth.*, 2021 WL 3082783 (D.C. Cir. July 9, 2021) (CARES Act did not condition governmental agency's receipt of federal funding upon waiver of sovereign immunity).

Finally, the State of Maryland has waived its sovereign immunity for certain suits filed *in Maryland courts* where certain conditions precedent have been met, but has not consented to be sued in federal court. *See* Md. Code Ann., State Gov't § 12-104(a)(1).  In the absent of such express

waiver, the instant Complaint must be dismissed.  *See Bd. of Trs. of Univ. of Ala. v. Garrett*, 531 U.S. 356, 363 (2001) ("The ultimate guarantee of the Eleventh Amendment is that nonconsenting States may not be sued by private individuals in federal court.").

### B. Declaratory Judgment

The Declaratory Judgment Act, 28 U.S.C. § 2201, does not independently confer federal jurisdiction where none exists, as here where Maryland enjoys sovereign immunity.  *Schilling v. Rogers*, 363 U.S. 666, 677 (1960). There is a narrow exception to Eleventh Amendment immunity where a plaintiff seeks prospective injunctive or declaratory relief to end an ongoing violation of federal law. *See Antrican v. Odom*, 290 F.3d 178, 184 (4th Cir. 2002) (citing *Ex Parte Young*, 209 U.S. 123 (1908)).  That narrow exception is inapplicable here because Plaintiff seeks a declaration relating to past state actions – the notice of overpayment she received and the failure to pay her unemployment benefits during a discrete period. ECF 1 ¶¶ 46–48.  The declaratory relief Plaintiff seeks, then, is retrospective and is barred by sovereign immunity.  *Cf. MediGrow, LLC v. Natalie M. LaPrade Medical Cannabis Comm'n*, 487 F.Supp.3d 364, 373 (D. Md. 2020) (holding that Plaintiff's request for a declaration that the denial of her license application was discriminatory was a request for retrospective relief barred by the Eleventh Amendment).

### IV. CONCLUSION

For the reasons set forth above, State Defendants' Motion to Dismiss, ECF 8, will be GRANTED. Plaintiff's claims will be dismissed because this Court lacks subject matter jurisdiction and the case will be closed.  A separate Order follows.

Dated:  December 19, 2022                           /s/
                                                                         Stephanie A. Gallagher
                                                                         United States District Judge